# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR, LLC, | CASE NO. 1:12-cv-02018-AWI-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S REQUEST FOR REMOVAL AND REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT** |
| v. | |
| MARCELLA GRAVES, | (Docket No. 1) |
| Defendant. | |
| | **ORDER DENYING AS MOOT DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |
| | (Docket No. 2) |
| _____/ | |

## I.  INTRODUCTION

On December 12, 2012, Defendant Marcella Graves ("Defendant") filed a document entitled "NOTICE OF REMOVAL" (the "Removal Notice").  (Doc. 1.)  The Removal Notice alleges that removal is proper because the "case is being removed for lack of jurisdiction and venue" pursuant to 28 U.S.C. §§ 1441 ("actions removable generally") and 1404(a) ("in the interests of [j]ustice").  (Doc. 1, 2:5-9.)  It appears that Defendant is seeking to remove this action based on diversity and "Constitutionally secured [r]ights."  (*See* Doc. 14, 7:25-27, 21:18-20, 30:26-31:3.)  Defendant also filed an application to proceed without the prepayment of fees.  (Doc. 2.)

For the reasons set forth below, Defendant's request for removal is DENIED and the action is REMANDED to the Fresno County Superior Court.  As such,  Defendant's application to proceed *in forma pauperis* is DENIED AS MOOT.

1    **II.  DISCUSSION**

2    **A.    Legal Standard**

3    Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of

4    which the district courts of the United States have original jurisdiction, may be removed by the

5    defendant or the defendants, to the district court of the United States for the district and division

6    embracing the place where such action is pending."  A district court has "a duty to establish subject

7    matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."

8    *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any

9    time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall

10   be remanded."  28 U.S.C. § 1447(c).

11   The removal statute is strictly construed against removal jurisdiction.  *Geographic*

12   *Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of*

13   *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that

14   a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the

15   contrary rests upon the party asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106-07;

16   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

17   **B.    Defendant's Removal Notice is Procedurally Defective**

18   **1.      Defendant Failed to Include the Underlying Complaint**

19   Title 28 U.S.C. Section 1446(a) provides that a copy of all pleadings served on the removing

20   defendant in the state court action must be filed along the notice of removal.  Defendant's Removal

21   Notice fails to include the underlying complaint filed by Plaintiff Nationstar LLC ("Plaintiff") in

22   Fresno County Superior Court case no. 12CECL04502, and thus Plaintiff fails to comply with

23   Section 1446(a).  (*See* Doc. 1.)  As noted below, Defendant's failure to provide the required

24   pleadings prevents the Court from identifying what, if any, federal law is at issue in this action.

25   **2.      Defendant's Removal Notice Appears to be Untimely**

26   Pursuant to Section 1446(b), "notice of removal of a civil action or proceeding shall be filed

27   within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

28   pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  When

removability is uncertain, the 30-day period is measured from the point at which a defendant had notice that the action is removable; however, removal based on diversity must be effected within one year after the case is filed.  *See* 28 U.S.C. § 1446(b).

As Defendant failed to provide a copy of the underlying complaint, the Court cannot determine when the case was filed in state court.  Further, Defendant failed to provide information as to when she was served with the complaint, and no proof of service of the complaint was included with the Removal Notice.  (*See* Doc. 1.)  Defendant's Removal Notice, however, includes a "Memorandum Brief and Response in Opposition to Unlawful Detainer," filed by Defendant in Fresno County Superior Court on October 19, 2012.  (Doc. 1, pp. 30-36.)  As such, since Defendant filed a brief in the underlying state court case, it seems likely that Defendant was served with the complaint prior to the date of filing that brief.

Defendant's Removal Notice was filed in this Court on December 12, 2012, which is 54 days after Defendant filed her Memorandum Brief in state court and thus at least 54 days after Defendant was likely served.  Accordingly, it appears that Defendant's Removal Notice was not timely filed within 30 days from the date of service as required under Section 1446(b).

Nonetheless, "[u]ntimeliness of removal does not allow the court to sua sponte remand the action to superior court because an untimely removal notice is a non-jurisdictional procedural defect that may be waived by a party failing to raise it."  *McGuire v. California*, No. C-09-5918 VRW (PR), 2011 WL 97736 at *1 (N.D. Cal. Jan. 12, 2011) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).  Further, "whether the action should remain [in federal court] depends on whether the court has subject matter jurisdiction."  *Id*.  Here, as discussed below, the Court lacks subject matter jurisdiction.

**B.     This Court Lacks Subject Matter Jurisdiction**

**1.     No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Because the complaint at issue has not been provided with

Defendant's Removal Notice, the Court cannot review the complaint and is unable to identify any federal law at issue.

However, the Removal Notice contains Defendant's "Memorandum Brief and Response in Opposition to Unlawful Detainer," and it thus appears that the Plaintiff's underlying complaint is a claim for unlawful detainer. (Doc. 1, pp. 30-36.) Defendant also submits with the Removal Notice a "Challenge to Subject Matter Jurisdiction," which asserts that Plaintiff's claim violates Defendant's "Constitutionally secured Rights," including her due process rights. (Doc. 1, pp. 21-26.) Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010) (*stay denied* NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at *1-*2 (E.D. Cal. Feb. 3, 2011). Plaintiff's apparent claim of unlawful detainer arises under state law and not under federal law. (Doc. 1, pp. 30-36.) As such, there appears to be no jurisdictional basis for removal since an unlawful detainer action, on its face, fails to raise a federal question.

## 2. No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Although the complaint was not provided with Defendant's Removal Notice, it appears the complaint does not allege damages in excess of $75,000. (*See* Doc. 1, 15:4 (Defendant asserts that "Plaintiff[']s stated dispute[d] amount [is] under $25[,]000).) Although Defendant contends that "[t]he amount in question is $247,000 over" the amount asserted by Plaintiff (Doc. 1, 15:2-3), for an action to be removed on the basis of diversity Defendant must show, "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446 (c)(2)(B). Here, Defendant fails to submit any evidence to meet her burden and does not establish that the amount in controversy exceeds $75,000.

1    Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity,

2    such action "shall be removable only if none of the parties in interest properly joined and served as

3    defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

4    Defendant's Removal Notice asserts that the Fresno County Superior Court is "not the correct

5    Jurisdiction due to Diversity of Citizenship" because Plaintiff is domiciled in Omaha, Nebraska,

6    while Defendant is domiciled at 961 North Stafford Street, Fresno, California, 93728.  (Doc. 1,

7    30:26-31:2.)  Defendant thus specifically asserts that she is a resident of Fresno County, California.

8    (Doc. 1, 30:26-31-2, *see also* p. 1 (home address of Defendant)).  As such, Defendant's California

9    residency negates removal jurisdiction based on diversity.  28 U.S.C. § 1441(b)(2).

10   **C.    Defendant's Motion to Proceed *In Forma Pauperis* is Moot**

11   Defendant filed a motion to proceed without the prepayment of fees.  (Doc. 2.)  In light of

12   the Court's finding that it lacks subject matter jurisdiction, Defendant's motion to proceed *in forma*

13   *pauperis* is DENIED AS MOOT.

14                              **III.    CONCLUSION AND ORDER**

15   Accordingly, IT IS HEREBY ORDERED that:

16   1.    Defendant's request for removal is DENIED;

17   2.    This action is REMANDED to the Fresno County Superior Court;

18   3     Defendant's application to proceed *in forma pauperis* is DENIED AS MOOT; and

19   4.    The Clerk of the Court is DIRECTED to serve a copy of this order on the Fresno

20         County Superior Court.

21   IT IS SO ORDERED.

22   **Dated:    December 21, 2012**              **/s/ Sheila K. Oberto**

23                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                        5